### DERBIS *v.* DERBIS.

1. APPEAL AND ERROR—EVIDENCE—FINDING OF FACT BY TRIAL COURT.
   An appellate court will not overturn findings of fact in a chancery case unless it is convinced that it would have reached the different result had it been sitting as the trial court, especially where trial court has found testimony of plaintiff seeking to set aside a conveyance of land incredible, unsatisfactory, and unconvincing.

2. COSTS—SETTING ASIDE CONVEYANCE.
   No costs are awarded on appeal in father's action against his son and daughter-in-law to avoid a deed conveying property to the defendants in which trial court's denial of the relief sought is affirmed.

Appeal from Kalamazoo; Zick (Karl F.), J. Submitted Division 3 March 5, 1968, at Grand Rapids. (Docket No. 4,022.) Decided June 10, 1968. Rehearing denied July 29, 1968. Leave to appeal denied December 10, 1968. See 381 Mich 790.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 839.
[2] 5 Am Jur 2d, Appeal and Error § 1010.

Complaint by Louis Derbis against Victor George Derbis and Dorothy Derbis to void a deed conveying property from plaintiff to defendants, to have defendants declared trustees of the property for the benefit of plaintiff, and to have defendants ordered to reconvey the said property to plaintiff. Judgment for defendants. Plaintiff appeals. Affirmed.

*Fox, Thompson & Morris,* for plaintiff.

*Fred A. Sauer, Sr.,* for defendants.

PER CURIAM. Plaintiff filed this action against his son and daughter-in-law to void a deed by which plaintiff and his wife conveyed to defendants the home of plaintiff but reserved in plaintiff a life estate, and to have the son declared a trustee of the property for the benefit of plaintiff and ordered to reconvey. The alleged grounds for the action were mistake, plaintiff's ignorance, and violation of fiduciary relation by the son. In denying the relief sought, the trial court found that defendants had established the fairness and good faith of the transaction, that there was no mistake, that plaintiff and his wife fully understood the transaction, and that there was no violation of the fiduciary relation between son and father. The trial court further found that the only basis for the action was that plaintiff had changed his mind after freely, voluntarily and knowingly executing the deed.

This appeal contests the factual findings on which the trial judge based his denial of the relief sought. A careful review of the record does not convince us that we would have reached a different result had we sat as the trial judge, especially in view of his finding that plaintiff's testimony was incredible, unsatisfactory and unconvincing. The case is

very similar to *Salvner* v. *Salvner* (1957), 349 Mich 375, in which the trial and supreme courts denied relief.

Affirmed, but without costs because of the circumstances of the case.

HOLBROOK, P. J., and QUINN and McINTYRE, JJ., concurred.